# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                )
ARABA J. HARRIS,                                )
                                                )
                    Plaintiff,                  )
                                                )
          v.                                    )          Civil Action No. 17-1498 (ABJ)
                                                )
TYRONE WILSON, *et al.*,                        )
                                                )
                    Defendants.                 )
_____)

## MEMORANDUM OPINION

Plaintiff Araba J. Harris has brought this action, *pro se*, against defendants Tyrone Wilson and Joseph Bush, who are employees of the U.S. Postal Service ("USPS"), alleging that they assaulted her when she went to the post office to buy stamps on July 7, 2016. On behalf of the defendants, the United States has moved to dismiss the case. Because defendants were acting within the scope of their employment at the time of the alleged tort, this case must be brought against the United States. And since plaintiff has not exhausted the administrative steps she must pursue before she may sue the government in Court, the Court will grant the motion and will dismiss this case without prejudice. This means that plaintiff is not barred from filing a proper action in the future.

## BACKGROUND

The following facts, which the Court must accept as true at this stage of the proceedings, are set forth in plaintiff's complaint and were supplemented by plaintiff's opposition to the motion to dismiss. Ex. A to Notice of Removal [Dkt. # 1-1] ("Compl."); Pl.'s Mem. in Opp. of Mot. to Dismiss [Dkt. # 9] ("Pl.'s Mem."); *see Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014)

(requiring a court to consider a *pro se* plaintiff's "filings as a whole" in resolving a motion to dismiss).

Plaintiff's complaint states simply that on July 7, 2016, she "went to buy stamps with [her] signed credit card and was assaulted by Officer Wilson." Compl. In her memorandum in opposition to the motion to dismiss, plaintiff supplies additional facts. She states that when she went to pay for the stamps at the post office, she was asked for identification. Pl.'s Mem. at 2. Believing that the request for identification was a pretext for race-based discrimination, she called USPS Customer Service to lodge a complaint while she was still at the post office. *Id.* at 2, 5. During the call, plaintiff asked the representative whether the call was being recorded. *Id.* at 2. Plaintiff alleges that this upset "the Customer Service Manager." *Id.* The manager's role is somewhat unclear from the memorandum, but plaintiff appears to be referring to a USPS employee at the post office branch where she was standing, who then allegedly refused to sell the plaintiff stamps. *Id.* Plaintiff claims that when she refused to leave the post office, the defendants dragged her to the curb. *Id.*

On July 6, 2017, plaintiff filed a lawsuit in the Small Claims and Conciliation Branch of the Superior Court for the District of Columbia, alleging that she was assaulted by the postal workers. Compl. The United States removed the action to this Court on July 26, 2017, and they attached to the notice of removal a certification that the postal employees were acting in the scope of their employment at the time. Notice of Removal [Dkt. # 1-2]. The United States then moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Mot. to Dismiss [Dkt. # 5] ("U.S. Mot."). Plaintiff opposed the motion, Pl.'s Mem., and she also filed a motion to consolidate this case with the claims she made "at different levels

of the USPS." Pl.'s Mot. to Consolidate Claims [Dkt. # 10] at 1. The United States did not file a reply.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

## I.     Subject Matter Jurisdiction

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II.     Failure to State a Claim

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678–79.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555,

and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler*, 761 F.3d at 38, citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See Kowal*, 16 F.3d at 1276; *see also Browning*, 292 F.3d at 242.

In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

### I.     The United States will be substituted as the defendant pursuant to the Westfall Act.

The Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, "commonly referred to as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007). The purpose of the Westfall Act "is

to relieve covered employees from the cost and effort of defending [a] lawsuit, and to place those burdens on the Government's shoulders." *Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009), quoting *Osborn*, 549 U.S. at 252.

"When a federal employee is sued for wrongful or negligent conduct," the Attorney General or his delegate may certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Osborn*, 549 U.S. at 229–30 (2007), quoting 28 U.S.C. § 2679(d)(1)–(2). "Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Id.* at 230. "Thereafter, the suit is governed by the Federal Tort Claims Act ('FTCA') and is subject to all of the FTCA's exceptions for actions in which the Government has not waived sovereign immunity." *Wuterich*, 562 F.3d at 380, citing *Osborn*, 549 U.S. at 230. When one of the exceptions to the waiver of sovereign immunity set forth in the FTCA applies, the Westfall Act certification "converts the tort suit into a FTCA action over which the federal court lacks subject matter jurisdiction and has the effect of altogether barring plaintiff's case." *Id.*; *see also Majano v. United States*, 469 F.3d 138, 139 (D.C. Cir. 2006).

But a district court should not treat a Westfall Act certification as conclusive evidence, and a plaintiff may challenge "the government's scope of employment determination." *Stokes v. Cross*, 327 F.3d 1210, 1213 (D.C. Cir. 2003), citing *Gutierrez de Martinez v. Lamango*, 515 U.S. 417, 420 (1995). If a plaintiff mounts that challenge, the certification "constitute[s] *prima facie* evidence that the employee was acting within the scope of his employment," *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006) (per curiam), and the plaintiff must rebut that presumption by alleging "sufficient facts that, taken as true, would establish that the defendants' actions exceeded the scope of their employment." *Stokes*, 327 F.3d at 1215. The

court should adhere to the teachings of *Iqbal* and *Twombly* in determining whether the plaintiff has met his or her burden to rebut the presumption. *Jacobs v. Vrobel*, 724 F.3d 217, 221 (D.C. Cir. 2013). Only if the plaintiff satisfies that burden will he or she, "if necessary, attain 'limited discovery' to resolve any factual disputes over jurisdiction." *Id.* at 220–21, quoting *Wuterich*, 562 F.3d at 381.

In the present case, defendants have submitted a certification by Daniel F. Van Horn, Chief of the Civil Division of the United States Attorney's Office for the District of Columbia. Mr. Van Horn certifies "that Postal Police Officer Tyrone Wilson and Postal Police Sergeant Joseph Bush were acting within the scope of their employment as employees of the United States at the time of the alleged incident." Ex. B to Notice of Removal [Dkt. # 1-2] ("Westfall Certification"); *see also* 28 C.F.R. § 15.4(a) (delegating the authority "to make the statutory certification that the Federal employee was acting within the scope of his office" to the "United States Attorney for the district where the civil action or proceeding is brought"). Plaintiff has not attempted to rebut that certification, and the Court agrees that the postal employees were acting in the scope of their employment because the crux of plaintiff's allegation is that she was assaulted by postal employees who were on duty at the time of the incident. *See Jacobs*, 724 F.3d at 222 (holding that the scope-of-employment test "is akin to asking whether the defendant merely was on duty or on the job when committing the alleged tort"), quoting *Harbury v. Hayden*, 522 F.3d 413, 422 n.4 (D.C. Cir. 2008). So the United States must be substituted as the defendant and the suit will be governed by the Federal Tort Claims Act.

## II. The Court lacks subject matter jurisdiction over plaintiff's tort claims because plaintiff has not exhausted her administrative remedies.

After a Westfall Act substitution in a tort case, the suit is governed by the FTCA. *Wuterich*, 562 F.3d at 380. The FTCA bars plaintiffs from bringing certain claims against the

government, *see* 28 U.S.C. § 2680, and it sets requirements for administrative exhaustion of claims and timely filing of administrative claims. 28 U.S.C. § 2401(b). Here, plaintiff's tort claims are specifically excluded under the FTCA because plaintiff has failed to exhaust her administrative remedies. Therefore, the Court lacks subject matter jurisdiction over plaintiff's tort claims.

Under the FTCA:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [g]overnment while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency.

28 U.S.C. § 2675(a). Where a plaintiff does not exhaust administrative remedies, the FTCA bars his tort claims. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (affirming dismissal of plaintiff's FTCA claim for lack of subject matter jurisdiction because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

An administrative exhaustion requirement can be jurisdictional or it can be non-jurisdictional. *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). Non-jurisdictional exhaustion refers to "a judicially created doctrine requiring parties who seek to challenge agency action to exhaust available administrative remedies before bringing their case to court." *Id.*

With jurisdictional exhaustion, "Congress requires [the plaintiff to] resort to the administrative process as a predicate to jurisdictional review." *Veneman*, 370 F.3d at 1247. There is a presumption that exhaustion is non-jurisdictional "unless 'Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision.'" *Id.* at 1248, quoting *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.*, 727 F.2d 1204, 1208 (D.C. Cir. 1984). But where "Congress requires resort to

the administrative process as a predicate to judicial review . . . a court cannot excuse it." *Id.* at 1247. The D.C. Circuit has "treated the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional." *Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997). This Court must follow that decision.

While plaintiff does seem to have made some attempts to lodge an administrative claim with the Postal Service in a timely fashion,[1] she has not exhausted her administrative remedies as required by the FTCA because she has not shown that she has presented the claim to the agency, *and* that the claim has been "finally denied." 28 U.S.C. § 2675(a). Therefore, the Court lacks the power to hear the claims against the United States at this point.

---

1     Plaintiff alleges she called "the Office of Consumer Advocacy [to] advocate on [her] behalf." Pl.'s Mem. at 7; Ex. 1 to Pl.'s Mem. Plaintiff also spoke with Chief Counsel and plaintiff expected that "she or another lawyer" would call her back. Pl.'s Mem. at 7. But while plaintiff's opposition to the motion makes reference to the necessary Standard Form 95, *id.* at 12, she has not complied with the administrative procedures to file a claim for personal injury against USPS. *See* 39 C.F.R. § 912 (2017) "Procedures to Adjudicate Claims for Personal Injury or Property Damage Arising Out of the Operation of the U.S. Postal Service" *available at* https://www.gpo.gov/fd sys/pkg/CFR-2017-title39-vol1/xml/CFR-2017-title39-vol1-part912.xml; *see also* Standard Form 95 *available at* https://www.gsa.gov/forms-library/claim-damage-injury-or-death.

**CONCLUSION**

The Court finds for purposes of the Westfall Act that Postal Officer Tyrone Wilson and Postal Police Sergeant Joseph Bush were acting in the scope of their employment at the time of the alleged incident, so the United States must be substituted as the lone defendant in this matter. Because plaintiff did not exhaust her administrative remedies, this case will be dismissed without prejudice.[2]  Because the motion to dismiss will be granted, the motion to consolidate and to stay the case will be denied as moot; any request to consolidate matters still pending at the administrative level must be made to the agency in any event.[3]

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  October 11, 2017

---

[2]     A dismissal for failure to exhaust administrative remedies under the Federal Tort Claims Act is without prejudice, which means that a plaintiff can exhaust those claims and refile the lawsuit.  *Simpkins*, 108 F.3d at 371.

[3]     Plaintiff also filed a motion to permit her to bring her smartphone and laptop into the courthouse, and to be granted WiFi access while she is in the building.  Pl.'s Mot. for Permission [Dkt. # 8].  Because the motion to dismiss will be granted, this motion will be denied as moot as well.